METRON TECHNOLOGY
DISTRIBUTION CORPORATION,
Movant,

Tokyo Electron Arizona, LLC,
Plaintiff–Counterclaim–
Defendant–Appellee,

v.

DISCREET INDUSTRIES CORPORA-
TION and Ovadia Meron, Defendants–
Counterclaimants–Appellants,

Hummel Machine and Tool Company, Edward Evans, Eastern Manufacturing Services, Inc., New Horizon Machine Company, doing business as Tirrena Tech or ASI, Gilbert Precision Machine and John and Jane Doe 1–30, Defendants.

No. 05–2522–CV.

United States Court of Appeals,
Second Circuit.

March 29, 2006.

Oleg Rivkin, Fox Horan & Camerini LLP, New York New York, for Discreet Industries Corporation and Ovadia Meron, for Appellants.

Edgar H. Haug, Frommer Lawrence & Haug LLP (Kevin Murphy and David A. Zwally), New York, New York, for Tokyo Electron Arizona, LLC, for Appellee, of counsel.

PRESENT: Hon. DENNIS JACOBS, Hon. PIERRE N. LEVAL, Circuit Judges, and Hon. JED S. RAKOFF,[1] District Judge.

## SUMMARY ORDER

Tokyo Electron Arizona, LLC and Ovadia Meron ("defendants") appeal from a judgment, entered in the United States District Court for the Eastern District of New York (Hurley, *J.*), following a jury verdict—and numerous post-trial motions to set aside the verdict—in favor of plaintiff Tokyo Electron Arizona ("TAZ") on its claims of misappropriation, conversion, tortious interference with contract, and unfair competition under both the Lanham Act and New York State law. (TAZ lost on its RICO claim and withdrew its unjust enrichment claim from the jury's consideration.) The jury verdict sheet adds up to $6.3 million in compensatory damages, $3.6 million in punitive damages, and $1.5 million in attorneys' fees. At base, this case concerns defendants' theft and use of TAZ's trade secrets for the production of replacement parts for the "Eclipse" machine, which is used to manufacture semiconductors.

■ (1) As to whether the jury awarded duplicative damages, defendants have waived any argument regarding the jury instruction or verdict sheet given their failure to raise this issue in their requests to charge or at the charging conference, or to lodge a timely objection, or to request that the court poll the jury. *See* Rule 51, Fed. R.Civ.P.; *Lavoie v. Pacific Press & Shear Co.*, 975 F.2d 48, 54–55 (2d Cir.1992).

1. The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

(2) The court did not abuse its discretion in issuing a permanent injunction as to all 266 parts of the Eclipse machine to prevent any future misappropriation of TAZ's trade secrets by defendants. *Rondeau v. Mosinee Paper Corp.,* 422 U.S. 49, 62, 95 S.Ct. 2069, 45 L.Ed.2d 12 (1975); *Knox v. Salinas,* 193 F.3d 123, 128–29 (2d Cir.1999) (per curiam).

(3) The court correctly denied defendants' post-verdict motion for judgment as a matter of law on TAZ's unfair competition claims: TAZ presented evidence of actual customer confusion. *See Resource Developers, Inc. v. Statue of Liberty—Ellis Island Found., Inc.,* 926 F.2d 134, 139 (2d Cir.1991) (Lanham Act); *W.W.W. Pharm. Co., Inc. v. Gillette Co.,* 984 F.2d 567, 576 (2d Cir.1993) (New York law).

(4) The court correctly denied defendants' post-verdict motion for judgment as a matter of law on TAZ's claim based on tortious interference with contractual relations: TAZ presented evidence sufficient to support the judgment, including defendants' knowledge of the existence of a non-disclosure agreement between TAZ and one of its suppliers. *See Albert v. Loksen,* 239 F.3d 256, 274 (2d Cir.2001).

(5) TAZ was entitled to lost profit damages sustained after September 18, 2003 because § 12.1 of the asset purchase agreement among TAZ, Tokyo Electron Limited (TAZ's parent company), and Metron reserved TAZ the right to such damages.

(6) As the "prevailing party" in this suit, TAZ was entitled to attorneys' fees under the Lanham Act. 15 U.S.C. § 1117(a).

(7) The court correctly upheld the jury's punitive damage award because defendants adduced no evidence or argument demonstrating that that award was excessive or beyond the defendants' ability to pay. *See Smith v. Lightning Bolt Prods.,* *Inc.,* 861 F.2d 363, 373 (2d Cir.1988); *see also BMW of N. Am. v. Gore,* 517 U.S. 559, 574–75, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

We have reviewed defendants' remaining arguments and find them all to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.